**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **LEONARD JAMES TRUJILLO** | **)** | |
| | **)** | |
| **v.** | **)** | **7-06-CV-3-R** |
| | **)** | |
| **COMMISSIONER OF SOCIAL** | **)** | |
| **SECURITY ADMINISTRATION** | **)** | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on March 24, 2006, came on to be considered the papers and pleadings in the above styled and numbered action and the Magistrate Judge finds and recommends as follows:

On January 5, 2006, Plaintiff filed his complaint in this action seeking judicial review of determinations denying his applications for disability and for supplemental security income pursuant to Titles II and XVI of the Social Security Act. On January 17, 2006, he was granted leave to proceed in forma pauperis and service on the Commissioner of the Social Security Administration was effected.

On March 23, 2006, the Commissioner filed her motion to dismiss pursuant to Rule 12 (b)(6) and accompanying brief. Plaintiff has not filed a response to the motion.

In his complaint Trujillo identifies an application for retirement, survivors and disability insurance (California Claim No. xxx-xx-5037HA)[1] which was denied by the Western Program Service Center in Richmond, California, in a letter dated November 27, 2005. The complaint further identifies a second application for supplemental security income (NH xxx-xx-5037) which he filed

[1] In the interest of privacy all but the last four digits of Plaintiff's Social Security number are deleted.

on October 13, 2005, and which was disapproved in a notice letter dated December 27, 2005.

There is nothing to show that Trujillo further pursued administrative remedies on either application.[2]

The court lacks jurisdiction under 42 U.S.C. § 405(g) to review any action of the Commissioner unless there has been a "final decision made after a hearing."

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); United States v. Mitchell, 445 U.S. 535, 538 (1980); Smith v. Booth, 823 F.2d 94, 96 (5th Cir. 1987).

Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may obtain. Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title II and Title XVI of the Act is provided for at and limited by sections 205(g) and (h) of the Act, codified at 42 U.S.C. § 405(g) and (h). The remedy provided by section 205(g) is exclusive. The relevant provisions of section 205(g) reads as follows)

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

[2]The declaration of John J. Timlin submitted as an appendix to the Commissioner's motion relates that the Appeals Council's records contain documents relating to previous applications filed by Trujillo, but none which relate to either of the applications identified in his complaint on which judicial review is sought.

> Commissioner may allow ...
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.[3]

42 U.S.C. §§ 405(g) and (h) (emphasis added). It is clear from these provisions that the only civil action permitted on any claim arising under Titles II and XVI is an action to review the "final decision of the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulations." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Under the Act, the authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner since she has ultimate responsibility for the integrity of the administrative program. Mathews v. Eldridge, 424 U.S. 319, 330 (1976). As discussed below, no "final decision" was issued that can provide judicial review of the Commissioner's denial of Trujillo's 2005 applications identified in his complaint.

The Act and the Commissioner's implementing regulations provide the procedural framework for seeking administrative and judicial review of disability claims. Congress has directed that the determination whether an individual is under a disability shall be made in the first instance by a State agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner. 42 U.S.C. §§ 421(a), 1383b(a). If the State agency denies the application, the

---

[3] The Supreme Court has held that there is no federal question jurisdiction for Social Security disability benefits claims. Heckler v. Ringer, 466 U.S. 602 (1984); Mathews v. Eldridge, 424 U.S. 323, 327 (1976); Weinberger v. Salfi, 422 U.S. 749, 756-57 (1975).

claimant may request a de novo recommendation by the State agency. The claimant is informed that he must request reconsideration within sixty days of his receipt of the adverse initial determination, 20 C.F.R. §§ 404.904, 404.909(a)(1), 416.1404, 416.1409(a), and that determination becomes binding upon him if he does not do so. 20 C.F.R. §§ 404.905-, 416.1405.

If the claimant is dissatisfied with the State agency's decision after reconsideration, he "shall be entitled to a hearing thereon by the Commissioner of Social Security." 42 U.S.C. § 421(d); see also 42 U.S.C. § 1383(c)(1). The Act requires, and the claimant is notified, that he must request a hearing before an ALJ within sixty days of his receipt of the State agency's reconsideration decision. 42 U.S.C. §§ 405(b)(1), 1381(c)(1). The latter decision is binding upon the claimant if he does not timely request an ALJ hearing. 20 C.F.R. §§ 404.920, 404.921(a), 404.933(b), 416.1420, 416.1421(a), 416.1433(b).

In McQueen v. Apfel, 168 F.3d 152, 155 (5th Cir. 1999), the court held that: "A court should not review the Commissioner's ... decision unless the claimant has exhausted his administrative remedies. See Paul v. Shalala. 29 F.3d 208, 210 (5th Cir. 1994). A claimant fails to exhaust his administrative remedies if he does not raise a claim of error to the Appeals Council before filing suit on that basis."[4]

Plaintiff did not seek further review from either of the initial determinations which denied his applications and therefore the Commissioner's motion should be granted.

**RECOMMENDATION**:

---

[4]The court's holding in McQueen was narrowed and modified by the Supreme Court's subsequent decision in Sims v. Apfel, 530 U.S. 103, 120 S.Ct. 2080 (2000). However, the claimant in Sims clearly exhausted her administrative remedies by filing an appeal to the Appeals Council, while Trujillo has failed to pursue the administrative remedies altogether.

For the foregoing reasons it is recommended that the District Court grant the Commissioner's motion and dismiss the case or in the alternative that summary judgment be granted in favor of the Commissioner. See Rule 12(b), final sentence..

A copy of this recommendation shall be transmitted to Plaintiff and counsel for the Commissioner.

SIGNED this 31st day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.